*1030 | íATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, John E. Demoruelle, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
Count I — The Trust Matter
On November 22, 1979, Charles Ray Manuel was seriously injured in an automobile accident, which left him a quadriplegic. Mr. Manuel was interdicted in December 1979, and his mother, Anna Manuel, was appointed curatrix of his estate. In her capacity as curatrix, Mrs. Manuel filed suit on behalf of her son against the parties responsible for his injuries. The parties eventually reached a structured settlement totaling $1,295,00o.[1]
In 1981, Mrs. Manuel established an Irrevocable Inter Vivos Trust (“trust”) to receive the proceeds of her son’s settlement. ■ At the request of Mrs. Manuel, respondent agreed to serve as trustee. On May 16, 1983, respondent was appointed the trustee of the trust by order of the Thirty-third Judicial District Court. Both the terms of the trust instrument and the court’s order appointing respondent as trustee required that he post a $50,000 fiduciary bond. Respondent was also required to lafurnish “an annual account to the duly authorized curator of Charles R. Manuel.” Nevertheless, respondent failed to post the bond,[2] and he has never provided an annual accounting to his client or filed same with the court.[3] Indeed, respondent maintained no financial records whatsoever to document the activity of the trust’s bank accounts.
On August 27, 1996, respondent wrote a check from the trust account to the “John E. Demoruelle Campaign” in the amount of $700. This check was issued without the authorization of respondent’s client, Mrs. Manuel.[4] Furthermore, an independent audit of the trust’s bank records revealed *1031 that respondent wrote at least $25,071.46 in checks for unknown expenditures between December 1998 and April 2000, the time period for which the auditor was able to obtain records from the bank.
In January 2000, the trust account began to incur NSF and overdraft fees, and by April 2000, the trust funds were entirely depleted. Thereafter, respondent informed his client that there was no more money in the account.
In May 2000, respondent’s client, through a family member, filed a disciplinary complaint against respondent, requesting that he provide an accounting of the trust account. Because respondent had not kept complete records of the trust, he was unable to provide the accounting to his client or the ODC.
In May 2005, after the matter had been submitted to this court, respondent paid $700 to the trust as restitution.
|aThe ODC alleged that respondent’s conduct violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.15 (safekeeping property of clients or third parties), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.
Count II — The Menard Matter
In July 1998, Debra Menard paid respondent $825 to represent her in a community property matter. In February 1999, Ms. Menard paid respondent $1,650 to handle her child custody matter. Ms. Menard made two additional payments to respondent in June 2000 totaling $240 to pay for court costs in the child custody matter.
Respondent failed to reasonably communicate with Ms. Menard about the status of her cases. He also failed to exercise due diligence in having the custody matter brought to court for enforcement and modification of the visitation plan pursuant to his client’s wishes. Furthermore, respondent was required to notify- opposing counsel of -his client’s proposed summer visitation schedule by May 1. Despite receiving the desired dates from his client before May I,-respondent neglected to timely inform opposing counsel of such in 1999 and 2000.[5]
Ms. Menard terminated respondent’s services on November 27, 2000. Thereafter, she requested in writing on at least two occasions that respondent provide her with an accounting and a refund of any unearned fees. Respondent failed to respond to these requests. In January 2001, Ms. Menard filed a disciplinary 14complaint against respondent. In October 2001, respondent finally provided an accounting to the ODC, which represented that he spent 18.7 hours on Ms. Menard’s cases, earning a total of $3,005.
The ODC alleged that respondent’s conduct violated Rules 1.3, 1.4, 1.5 (fee arrangements), and 1.16(a) (declining or terminating representation) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
On March 1, 2004, the ODC filed two counts of formal charges against respondent. The formal charges were' served upon respondent by certified mail on March 3, 2004. Respondent failed to answer or otherwise reply to the formal *1032 charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.
The ODC submitted documentary evidence to the hearing committee consisting of (1) the complaints filed against respondent, his responses, and other correspondence pertaining to the resolution of the complaints; (2) a -transcript of respondent’s November 15, 2001 sworn statement, taken in connection with the investigation. of the trust matter; (3) certified copies of court pleadings relating to the trust matter and the Menard matter; (4) a report of the ODC’s auditor, Ronald White, concerning the trust matter; and (5) respondent’s October 2001 accounting in the Menard matter. Respondent filed nothing for the hearing committee’s consideration.
. |Hearing Committee.Recommendation
After considering the ODC’s submission in response to the deemed admitted order, the hearing committee made the following findings:

Count I

Although a hearing was not held, the committee found that respondent, complainant, and the independent auditor were all credible witnesses.[6] Respondent admitted in his sworn statement that he neglected his duty to provide accountings of the trust. Mr. Manuel’s family did not authorize the $700 expenditure to respondent’s political campaign, and respondent has not made restitution of this sum.[7]
The committee determined that respondent violated Rules 1.3,1.4, 1.15, and 8.4(b) of the Rules of Professional Conduct. He did not provide annual accountings or adequately communicate with the euratrix to allow her to make wise decisions for Mr. Manuel. He also failed to keep complete records of the trust account. Furthermore, he committed a criminal act by converting $700 to his own use.
Based on these findings, the committee determined that respondent violated duties owed to his client, causing significant harm. According to the ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction is suspension.

Count II

Although a hearing was not held, the committee found that respondent and Ms. Menard were both credible witnesses.[8] Respondent filed various pleadings on behalf of Ms. Menard and corresponded with his client ánd opposing counsel. He also | fiattended a deposition. Ms. Menard terminated respondent’s services and twice requested an accounting and a refund of unearned fees. She then filed a complaint with the ODC in January 2001. Ms. Me-nard did not receive an accounting from respondent'until October 10, 2001.
The committee determined that respondent violated Rules 1.3 and 1.4 because he failed to provide an accounting at the termination of the representation and failed to communicate-with Ms. Menard about the status of her case. However, the com *1033 mittee determined that Rules 1.5 and 1.16(a) were not violated.
Based on these findings, the committee determined that respondent violated duties owed to his client, causing slight injury to Ms. Menard. According to the ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction is a public reprimand.
In aggravation, the committee recognized a dishonest or selfish motive (Count I only), vulnerability of the victims (Counts I and II), substantial experience in the practice of law (admitted 1968), and indifference to making restitution (Count I). In mitigation, the committee recognized the absence of a prior disciplinary record, personal or emotional problems,[9] and full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings (albeit delayed).
Under these circumstances and considering prior jurisprudence, the committee recommended respondent be suspended for one year, fully deferred, subject to one year of probation. Furthermore, the committee recommended respondent pay $700 in restitution to the trust and that a probation monitor supervise his civil practice during the probationary period.
|7WhiIe the ODC concurred in the rule violations found by the hearing committee, it objected to the leniency of the recommended sanction. Respondent submitted a letter to the ODC accepting the committee’s recommendation of a one-year suspension, fully deferred.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board found that most of the deemed admitted facts were proved by clear and convincing evidence.[10] The board also determined that respondent violated Rules 1.3, 1.4, 1.15, 8.4(a), and 8.4(c) of the Rules of Professional Conduct in regard to Count I. Respondent failed to provide an annual accounting of the trust and failed to timely advise the curatrix of the financial status of the trust. Furthermore, respondent’s unauthorized withdrawal of $700 from the trust for his political campaign was dishonest and contrary to the fiduciary duty he owed as trustee. In regard to Count II, the board determined that respondent violated Rules 1.3 and 1.4 by failing to commhnicate with Ms. Menard and by failing to move the child custody matter forward for approximately two years. However, the board found that Rules 1.5 and 1.16 were not violated because the evidence indicated respondent earned the legal fees he was paid. Furthermore, after termination, respondent notified Ms. Menard of an upcoming trial *1034 and made her records available to her new attorney.
| ¡¡Based on the deemed admitted facts and the evidence, respondent knowingly violated duties owed to his clients, causing actual harm to Mr. Manuel and his family and causing potential harm to Ms. Menard. According to the ABA’s Standards for Imposing Lawyer Sanctions, suspension is the baseline sanction.
The aggravating factors present are dishonest or selfish motive, vulnerability of the victim, substantial experience in the practice of law, and indifference to making restitution. Mitigating factors are an absence of a prior disciplinary record, personal or emotional problems, and remorse.
Noting that prior jurisprudence reveals the importance of mitigating and/or aggravating factors in the discipline imposed, the board stated the following:
The Board was struck by Respondent’s 35-year career without a disciplinary matter. During oral arguments, Respondent freely admitted his failure to make the annual accounting that he agreed to give Mrs. Manuel and the court. He offered no excuses for his neglect. At the same time, the Board found Respondent genuinely remorseful for his lapse in his accounting duties and any hardship he caused to the Manuel family. Respondent did not try to hide from his error. He did not fight the formal charges and instead permitted them to go deemed admitted. Without protest, Respondent accepted the committee’s conclusions and recommendation. In his sworn statement and during oral argument, Respondent discussed the mental health issues his family has dealt with for 25. years and his responsibilities as caretaker of his wife.
Under these circumstances, the board agreed that a fully-deferred suspension is appropriate and serves the purposes of lawyer disciplinary proceedings. Accordingly, the board recommended respondent be suspended for one year, fully deferred, and be required to pay $700 in restitution to the Charles R. Manuel Trust. The board also recommended that the deferred suspension be made executory in the event respondent violates the Rules of Professional Conduct within one year or fails | flto make restitution within sixty days of the finality of the court’s order.[11] Finally, the board recommended respondent be assessed with all costs of these proceedings.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation, but on our own motion, we ordered the parties to submit briefs addressing the issue of an appropriate sanction. Both respondent and the ODC filed briefs in response to the order.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does *1035 not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In other words, mere allegations of a rule violation, without specific factual allegations or supporting evidence, is | ^insufficient to prove misconduct by the requisite “clear and convincing” standard. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
 Based on the deemed admitted facts and other evidence in the record, we find respondent violated the Rules of Professional Conduct. As to Count I, we find respondent failed to provide an annual accounting of the trust, failed to timely advise the curatrix of the financial status of the trust, made unauthorized withdrawals from the trust for his personal purposes, and breached his fiduciary obligation as trustee. With regard to Count II, we find respondent failed to communicate with Ms. Menard and failed to move her child custody matter forward for approximately two years.
Considering the misconduct as a whole, we accept the board’s determination that the baseline sanction is a suspension. Some aggravating factors are present, including the vulnerability of the victims and respondent’s substantial experience in the practice of law. However, these aggravating factors must be balanced against the mitigating factors, which include respondent’s remorse for his actions and his lack of any prior disciplinary infractions during his thirty-five year practice.
Under the circumstances, we conclude the appropriate sanction for respondent’s misconduct is a one-year suspension from the practice of law. We will defer this suspension in its entirety and place respondent on unsupervised probation for a period of one year, subject to the condition that any additional misconduct by respondent during the one-year probationary period may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and briefs filed by the parties, it Inis ordered that John E. Demoruelle, Louisiana Bar Roll number 4860, be and he hereby is suspended from the practice of law for a period of one year. It is further ordered that this suspension shall be deferred in its entirety, and respondent shall be placed on unsupervised probation for a period of one year from the finality of this judgment, subject to the condition that any additional misconduct by respondent during the one-year probationary period may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
JOHNSON, J., dissents and assigns reasons.

. Respondent's law partner handled the personal injury case. Respondent received a portion of the attorney's fees paid to the law firm.

. The sole evidence that a bond ever existed was annual payments made between 1994 and 1999 in the amount of $260 each. However, respondent paid these amounts using funds from the trust.

. In a sworn statement, respondent admitted that he has not furnished the accounting since he was appointed trustee in 1983. When asked why he has not done so, respondent stated, “Because I just neglected it.”

.Respondent had been a candidate for judge of the Thirty-third Judicial District Court. In a letter to the ODC’s auditor, respondent asserted that “Mr. Manuel, through his family authorized the contribution.” However, when contacted by the ODC to confirm respondent's statement, Mrs. Manuel was adamant that she had not authorized the payment.

. In 1999, respondent did not send the notification until May 27. In 2000, respondent did not send the notification until June 26.

. The committee's credibility determinations were inappropriate as there was no live testimony upon which to base those determinations.

. As previously noted, respondent has since paid $700 in restitution to the trust.

.Again, the committee's credibility determinations were inappropriate as there was no live testimony upon which to base those determinations.

. Respondent testified in his sworn statement that his wife is mentally ill and that he has cared for her and their five children for the past twenty-five years. However, we find no other evidence in the record which would support this mitigating factor.

. The board indicated the record did not support the ODC's allegation that respondent failed to post his $50,000 bond as trustee. According to the board, the auditor's report of the trust account revealed evidence of six checks written by respondent between 1994 and 1999 for a bond. In response to the board panel's questions during oral argument, respondent confirmed that the checks were for the $50,000 bond. Based on this information, the board determined that the ODC’s allegation was not proven by clear and convincing evidence. We find the board erred in accepting respondent's statement made during oral argument, as such argument is outside the record and may not be considered by the board. See Supreme Court Rule XIX, § 11(G)(2). Moreover, even accepting respondent’s statement, it appears respondent drew the checks for these bonds on the trust account, which would seem to be an improper use of trust funds for a personal purpose.

. As previously noted, restitution has been paid. See note 7, supra.